IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| BIRDY PROPERTIES, LLC, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No.  SA:13-CV-1098-XR |
| | § | |
| RONITA WYNETTE EVANS and ALL OCCUPANTS, | § | |
| | § | |
| *Defendants*. | § | |

**ORDER**

On this day the Court considered Plaintiff's motion to remand (docket no. 3).  For the following reasons, the Court GRANTS the motion.

**I. Background**

On August 23, 2013, Plaintiff Birdy Properties, LLC sued to evict Defendant Ronita Wynette Evans and all occupants ("Defendants") from real property located at 12803 Salerno Way, San Antonio, Texas 78253.  Plaintiff's case was filed with the Justice of the Peace Court of Bexar County, Texas, Precinct 2.  On September 11, 2013, the justice of the peace court entered a default judgment against Defendants, awarding possession of the property to Plaintiffs. Thereafter, on September 16, 2013, Defendants, acting *pro se*, appealed the justice of the peace court judgment to County Court at Law Number 2, of Bexar County, Texas.  The county court set the case for expedited trial.

On December 4, 2013—two days before the county court's scheduled trial—Defendants removed the action to this Court. Docket No. 1-1.  Defendants assert that diversity of citizenship exists between the parties and that the amount in controversy exceeds $75,000.  On December

20, 2013, Plaintiff moved to remand the action back to state court. Docket No. 3. Defendants have not responded.

## II. Legal Standard

A party may remove an action from state court to federal court if the action is one over which the federal court possesses subject matter jurisdiction. *See* 28 U.S.C. § 1441(a). On a motion to remand, the court must consider whether removal was proper. Removal is proper in any case in which the federal court would have had original jurisdiction. *Id.* To determine whether jurisdiction is present for removal, the Court considers the claims in the state court petition as they existed at the time of removal. *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995). The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). Any ambiguities are to be construed against removal, as the removal statute should be strictly construed in favor of remand. *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

## III. Discussion

Under 28 U.S.C. § 1332, a federal court has jurisdiction over controversies involving disputes between citizens of different states where the amount in controversy exceeds $75,000. Here, it is undisputed that Defendants are citizens of Texas. Plaintiff, however, asserts that it too is a citizen of Texas, despite Defendants' unsupported assertion that Plaintiff is instead a citizen of Minnesota. Moreover, Plaintiff insists that the amount of controversy is below the $75,000 jurisdictional threshold.

**A. Defendants Have Not Established Diversity of Citizenship**

Defendants assert in their notice of removal that Plaintiff is a national association with its main office in Minneapolis, Minnesota. *See* Notice of Removal at 2, Docket No. 1-1.  Plaintiff insists that it is not a national association, but instead is a Texas limited liability company with its registered office and principal place of business in San Antonio, Texas. *See* Mot. to Remand at 2, Docket No. 3.  Plaintiff supports its assertions through the affidavit of its manager, Brian A. Birdy; through a printout of the search result for Plaintiff on the Texas Secretary of State's website; and through Plaintiff's certificate of formation. *See* Docket No. 3, Exs. A, B, App. 1.

"Like limited partnerships and other unincorporated associations or entities, the citizenship of a [limited liability company] is determined by the citizenship of all of its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).  Here, the record contains no evidence on the citizenship of Plaintiff's members. Instead, Plaintiff presents evidence on Plaintiff's state of formation and principal place of business, both of which are Texas.  While this evidence would be useful were Plaintiff a corporation, it is not useful in determining Plaintiff's citizenship as a limited liability company. *See Hertz Corp. v. Friend*, 559 U.S. 77, 88 (stating a corporation is a citizen of its state of incorporation and of the state where it has its principal place of business); *see also Barber Bro. Contracting Co., LLC v. Hanover Ins. Co.*, CIV.A. 13-105-SDD, 2013 WL 6230335, at *1 (M.D. La. Dec. 2, 2013) (listing the different rules for determining the citizenship of a limited liability company and of a corporation). Nevertheless, Defendants, as the party invoking jurisdiction, bear the burden of establishing jurisdiction. *See De Aguilar*, 47 F.3d at 1408.  They have not done so through their unsupported assertion that Plaintiff is a Minnesota national association.  Moreover, Defendants have not responded to the Plaintiff's motion to remand and to its evidence challenging Defendants' bald

assertion of Plaintiff's citizenship. Accordingly, Defendants have not established this Court's jurisdiction, and, therefore, remand is proper.

**B. Defendants Have Not Established an Amount in Controversy Greater than $75,000**

Moreover, Defendants have not established an amount of controversy greater than the $75,000 threshold for diversity jurisdiction. *See* 28 U.S.C. § 1332(a). Where, as here, a plaintiff has not alleged an amount of damages in its state court petition, the defendant seeking removal must establish by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum. *See De Aguilar,* 47 F.3d at 1409. In eviction suits, the amount in controversy is the value of the right to occupy the property at issue. *See Fed. Nat. Mortg. Ass'n v. Ramirez*, 3:13-CV-4084-M, 2013 WL 6768002, at *2 (N.D. Tex. Dec. 23, 2013); *Fed. Nat. Mortg. Ass'n v. Talley,* No. 3:12–CV–1967–N–BH, 2012 WL 4005910, at *2 (N.D. Tex. Aug. 16, 2012), *rec. adopted,* 2012 WL 4005760 (N.D. Tex. Sept. 11, 2012) (citing cases). The amount in controversy is not the underlying value of the property. *See Ramirez*, 2013 WL 6768002, at *2; *Wells Fargo Bank v. Matts*, No. 3:12–CV–4565–L, 2012 WL 6208493, at *5 (N.D. Tex. Dec. 13, 2012) (collecting cases).

Here, Defendants only assert that the fair market value of the property, according to the Bexar County Central Appraisal District, is $175,610. *See* Notice of Removal at 2. Defendants have produced no evidences as to the fair rental value of the property or any other measure for determining the value of the right to possession. Accordingly, Defendants have not met their burden of establishing the requisite amount in controversy for federal diversity jurisdiction, and remand is proper.

### IV. Conclusion

For the foregoing reasons, the Court GRANTS Plaintiff's motion to remand (docket no. 3). The case is remanded pursuant to 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction. Plaintiff's request for attorney's fees and costs related to the removal of this case is denied. The Clerk is directed to remand the case to state court and to close this case.

It is so ORDERED.

SIGNED this 3rd day of January, 2014.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE